IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **WASHINGTON, D.C. CEMENT MASONS PENSION TRUST FUND;**<br><br>**WASHINGTON, D.C. CEMENT MASONS WELFARE FUND;**<br><br>**WASHINGTON, D.C. CEMENT MASONS APPRENTICESHIP & TRAINING TRUST FUND;** and<br><br>**MICHAEL HUBLER, as TRUSTEE**<br>c/o Carday Associates, Inc.<br>7130 Columbia Gateway Drive, Suite A<br>Columbia, MD  21046<br><br>**Plaintiffs,**<br><br>v.<br><br>**CELSUE CONSTRUCTION SERVICES, INC.**<br>c/o Ruth Davila<br>612C Lafayette Avenue<br>Laurel, MD  20707<br><br>**Defendant.** | C.A. No. |

## COMPLAINT

Now come Plaintiffs the Washington, D.C. Cement Masons Pension Trust Fund (the "Pension Fund"), the Washington, D.C. Cement Masons Welfare Fund (the "Welfare Fund"), the Washington, D.C. Cement Masons Apprenticeship & Training Trust Fund (the "Training Fund") (collectively, the "Funds"); and Mr. Hubler, as Trustee, on behalf of the Funds (collectively,

"Plaintiffs"), by and through undersigned counsel, and for their Complaint against Defendant Celsue Construction Services, Inc. ("Defendant"), state as follows:

## THE PARTIES

1. The Funds are established and maintained pursuant to the provisions of § 302(c)(5) of the Labor Management Relations Act of 1947 (the "Taft-Hartley Act"), 29 U.S.C. § 186(c)(5). The Pension Fund is an employee pension benefit plan within the meaning of §§ 3(2), 3(3), and 502(d)(1) of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(2), 1002(3), and 1132(d)(1). The Welfare Fund and the Training Fund are employee welfare benefit plans within the meaning of §§ 3(1), 3(3), and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1), 1002(3), and 1132(d)(1). The Funds are multiemployer plans within the meaning of §§ 3(37)(A) and 515 of ERISA, 29 U.S.C. §§ 1002(37)(A) and 1145.

2. Plaintiff Hubler is a fiduciary within the meaning of §§ 3(21)(A), 502(a)(3), 502(e)(1), and 502(g)(2) of ERISA, 29 U.S.C. §§ 1002(21)(A), 1132(a)(3), 1132(e)(1), and 1132(g)(2). He brings this action on behalf of the Funds for which he serves as fiduciary and on behalf of the said Funds' participants pursuant to § 502 of ERISA, 29 U.S.C. § 1132; and § 301(a) of the Taft-Hartley Act, 29 U.S.C. § 185(a).

3. Defendant is an employer in an industry affecting commerce within the meaning of §§ 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §§ 1002(5), 1002(11) and 1002(12); and §§ 2(2), 2(6), 2(7), 501(1), and 501(3) of the Taft-Hartley Act, 29 U.S.C. §§ 142(1), 142(3), 152(2), 152(6), and 152(7).

## JURISDICTION AND VENUE

4. Jurisdiction and venue are conferred upon this Court under §§ 502(a)(3)(B), 502(d)(1), 502(e), and 502(f) of ERISA, 29 U.S.C. §§ 1132(a)(3)(B), 1132(d)(1), 1132(e), and

1132(f); and § 301(a) of the Labor Management Relations Act of the Taft-Hartley Act, 29 U.S.C. § 185(a).

## BACKGROUND FACTS

5.  At all times relevant to this case, Defendant employs or has employed employees who are represented by the Cement Masons' Local Union No. 891 ("Local 891").

6.  At all times relevant to this case, Defendant was a party to, and agreed to abide by, the terms of a collective bargaining agreement (the "CBA") with Local 891, a labor organization which represents, for purposes of collective bargaining, certain employees of Defendant in an industry affecting interstate commerce within the meaning of §§ 2(4), (6), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(4), (6), (11), and (12), and §§ 2(4)-(7), 9(a), and 301(a) of the Taft-Hartley Act, 29 U.S.C. §§ 152(4)-(7), 159(a), and 185(a).

7.  At all times relevant herein, Defendant also was bound by the Agreements and Declarations of Trust (the "Trust Agreements") for the Funds which, together with the CBA, obligated Defendant to make timely contributions to the Funds for each employee covered by said CBA.  The said Trust Agreements also provide that, upon the failure of any employer to make contributions to the Funds in the manner and within the time provided, there shall be amounts assessed as interest and liquidated damages in addition to the contributions due the Funds.

## COUNT I
## DELINQUENT CONTRIBUTIONS
## (ERISA § 515, 29 U.S.C. § 1145)

8.  Pursuant to an audit performed by the Funds' auditor, Calibre CPA Group PLLC from January 1, 2016 through December 31, 2018, it was discovered that Defendant failed, neglected, omitted, and refused to perform its contractual obligation to file Reports and required contributions for work performed by its covered bargaining unit employees and to pay the

3

required liquidated damages and interest for work performed by its covered employees during the audit period.

9. Based on the upon the audit, the Funds established that work covered by Defendant's CBA was unquestionably performed during the audit period, thereby obligating Defendant to contribute to the Funds.

10. The total amount known to be due and payable by Defendant to the Funds, as described in Paragraph 8, is continuing to grow based upon the ongoing accrual of interest and liquidated damages pursuant to the terms of the CBA and/or Trust Agreements, as well as as attorneys' fees, and will not be fixed until the Court enters judgment in this matter.

11. As of the filing of this Complaint, Defendant is known to owe $18,466.86 to the Pension Fund, $19,777.20 to the Welfare Fund, and $1,742.40 to the Training Fund, for a total amount known to be owed to the Funds of $39,986.46.

12. The total amount known to be due and payable by Defendant to the Funds, as described in Paragraph 12, is continuing to grow based upon the ongoing accrual of interest and liquidated damages pursuant to the terms of the CBA and/or Trust Agreements and will not be fixed until the Court enters judgment in this matter.

13. The acts and conduct of Defendant as set forth in this Complaint violate the provisions of the CBA and the Trust Agreements for the Funds, and enforcement of the terms of those agreements is sought in accordance with §§ 502(a)(3)(B), 502(g)(2), and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3)(B), 1132(g)(2), and 1145; and § 301(a) of the Taft-Hartley Act, 29 U.S.C. § 185(a).

14. Wherefore, Plaintiffs request relief against Defendant as detailed in the Prayer for Relief.

## COUNT II
## INJUNCTIVE RELIEF

15. Plaintiffs incorporate by reference Paragraphs 1-15 above as if fully restated herein.

16. Defendant's prior conduct demonstrates a significant likelihood that Defendant will continue to breach the relevant provisions of the CBA, Trust Agreement, and of ERISA, which require Defendant to make timely contributions to the Funds for all work performed by Defendant's covered employees.

17. The Funds have no adequate remedy at law to ensure that Defendant will continue to adhere to its contractual obligations.

18. As a result of Defendant's acts and omissions, the Funds may be required to: (a) deny benefits to Defendant's employees and/or their beneficiaries even though they would otherwise qualify for benefits but for Defendant's failures, thereby causing such employees and beneficiaries substantial and irreparable injury; and/or (b) provide said employees and/or their beneficiaries with benefits notwithstanding Defendant's failure to make required contributions, thereby reducing the corpus of the Funds and endangering the rights of all of the Funds' participants and beneficiaries, to their substantial and irreparable injury.

19. The Funds will suffer irreparable injury unless Defendant, its officers, agents, and employees are permanently enjoined from failing, refusing, or neglecting to timely and accurately report to the Funds the hours worked by all of Defendant's covered employees and to timely pay all contributions owed to the Funds for so long as Defendant remains obligated to do so pursuant to ERISA.

20. Wherefore, Plaintiffs request that the Court enter a permanent injunction against Defendant as detailed in the Prayer for Relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray that this Court:

a. Orders Defendant to pay the known amounts due, $39,986.46, to the Funds; and

b. Orders Defendant to submit all outstanding Reports to the Funds; and

c. Orders Defendant to pay all contributions owed to the Funds pursuant to those Reports, including all applicable interest and liquidated damages; and

d. Orders Defendant to pay all amounts which become due under the terms of the CBA and/or Trust Agreement during the course of this litigation; and

e. Orders Defendant to pay post-judgment interest to the Funds on all amounts awarded; and

f. Orders Defendant to pay Plaintiffs' costs and attorneys' fees, as provided for by ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2); and

g. Enters an Order permanently enjoining Defendant, and its officers, agents, and employees and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise from violating ERISA by failing, refusing, or neglecting to timely and accurately report to the Funds the hours worked by all of Defendant's covered employees and to timely pay all contributions owed to the Funds for so long as Defendant remains obligated to do so pursuant to ERISA; and

h. Awards Plaintiffs such other relief as this Court deems just and proper.

                                                        Respectfully submitted,

Dated:  February 17, 2021                      */s/ Jonathan G. Rose*
                                                       Jonathan G. Rose (Bar No. 15138)
                                                       Alston & Bird LLP
                                                       950 F Street, N.W.
                                                       Washington, DC  20004
                                                       Telephone: (202) 239-3300
                                                       Facsimile: (202) 239-3333
                                                       jonathan.rose@alston.com
                                                       *Attorney for Plaintiffs*